UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:19-MC-5

IN RE: **STANDING ORDER REQUIRING AN INITIAL SETTLEMENT CONFERENCE IN CIVIL CASES ASSIGNED TO THE HONORABLE KENNETH D. BELL**

___

**THIS STANDING ORDER** shall apply to all adversarial civil actions assigned to the Honorable Kenneth D. Bell; however, cases involving review of a previously developed record, such as habeas corpus (including claims pursuant to 28 U.S.C. §2255), bankruptcy appeals, and social security appeals are not subject to this Order. If counsel are unsure whether this Order appropriately applies to an action, then the parties should promptly seek relief from or clarification of this Order.

Rule 1 of the Federal Rules of Civil Procedure ("FRCP") provides that the Court and the parties should conduct the litigation of all civil actions filed in the United States district courts to "secure the just, speedy, and inexpensive determination" of those actions. Fed. R. Civ. P. 1. While the Court stands ready to adjudicate all cases and controversies appropriately before the Court, most cases are ultimately resolved not by the Court but rather through the parties' voluntary settlement of the case.

There are many reasons for these settlements. A lawsuit in a United States District Court requires a substantial commitment of time, money and effort notwithstanding the Court's desire to manage the litigation efficiently. Through a negotiated settlement of their dispute, the parties can avoid the ongoing costs and risks inherent in a legal action as well as the emotional toll that often accompanies lengthy litigation. Further, in a settlement the parties can agree on business solutions,

accommodations or equitable relief different than or beyond that which may be ordered by the Court, even if a party is successful in the party's claims or defenses.

Despite the many benefits of settlement, particularly early in a case before substantial costs have been incurred and positions have hardened, some parties are unwilling to raise the topic of settlement because of a perception that doing so might somehow disadvantage them in the settlement negotiations. This reluctance to discuss settlement unnecessarily prolongs the case.

Based on these facts, the Court finds that, consistent with both the letter and spirit of FRCP Rule 1, it is in the interests of the parties and the Court to require that the parties participate in a settlement conference prior to the filing of an Answer or other response (such as motion to dismiss under FRCP Rule 12) to establish an early opportunity for the parties to resolve the action. Accordingly, the Court hereby ORDERS that:

1. The parties and/or their counsel meet either in person or by telephone to meaningfully discuss the possibility of settling this matter prior to the filing of an Answer or other response to the Complaint. Because the Plaintiff may not know the identity of counsel for the Defendant, the Defendant or Defendant's counsel is responsible for initiating a communication to arrange the settlement conference mandated by this Order. (In the event there are multiple Defendants represented by different counsel, the Defendants' counsel should collectively arrange for a communication to the Plaintiff's counsel (or the Plaintiff if unrepresented));

2. The parties jointly prepare a Certificate of Settlement Conference in the form attached to this Order to inform the Court of the results of their settlement discussions. The Certificate must be signed by <u>both</u> the party and counsel, and the signature of the party certifies that the party has received a copy of this Order and

has either participated in directly or conferred with counsel in detail regarding the settlement discussions.

3. The parties must file the Certificate with the Court prior to or together with the Defendant's Answer or other response to the Complaint.[1] Defendant shall not, however, delay the timely filing of an Answer or other response to the Complaint because of the failure of the parties to sign the Certification. (In the event that the Defendant is unable to timely file the Certification, Defendant shall file a brief notice with the Court describing the reason for the delay or the parties should jointly move for leave to extend the time for filing the Certification); and

4. The Plaintiff is required to serve a copy of this Order on the Defendant(s) together with the service of the Summons and Complaint.

Signed: July 16, 2019

Kenneth D. Bell
United States District Judge

---

[1] While either party may file the Certification, as a practical matter the Defendant will be most knowledgeable about the timing of the responsive pleading or motion and thus is likely to be in the best position to make a timely filing if the case is not resolved.